IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00232-GPG

JAMES SARDAKOWSKI,

    Plaintiff,

v.

MARK IVANDICK, In his Official Capacity,
RANDY CHAPMAN, In his Official Capacity,
JOHN DOE, In his Official Capacity, and
DISABILITY LAW COLORADO,

    Defendants.

## ORDER OF DISMISSAL

On January 28, 2016, Plaintiff James Sardakowski initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and 42 U.S.C. § 10801, et seq. and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge Gordon P. Gallagher granted Plaintiff leave to proceed pursuant to § 1915 on February 1, 2016.

On the same day, Magistrate Judge Gallagher also directed Plaintiff to file an Amended Complaint that complies with Fed. R. Civ. P. 8, asserts personal participation by properly named defendants, and states what a defendant did to him, when he did it, how he was harmed, and what specific legal right the defendant violated. Plaintiff further was instructed that a defendant is not liable for his or her subordinates' unconstitutional conduct based on a theory of respondeat superior. He also was instructed that he may name John/Jane Doe as a party but must provide sufficient information about the individual for the purpose of service. Magistrate Judge Gallagher directed Plaintiff to

amend the Complaint within thirty days; he warned Plaintiff that if he failed to comply with the February 1 Order the Complaint and action would be dismissed without further notice.

On March 2, 2016, Plaintiff requested a thirty-day extension of time to amend, which was granted. Plaintiff then filed a notice of change of address and a request that the Court send him a list of the cases he has filed with this Court, because he has an amended complaint due. The Clerk of the Court was directed to send a copy of the original complaint filed in this case to Plaintiff that contains a list of Plaintiff's cases in this court. Subsequently, Plaintiff filed an Amended Complaint on April 4, 2016.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for pro se litigants. *See Hall*, 935 F.2d at 1110.

Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court will dismiss this action as legally frivolous, for the reasons stated below.

In the Amended Complaint, Plaintiff asserts jurisdiction only pursuant to 42 U.S.C. § 10801(b)(1), et seq. He claims that Defendants are funded by federal statute to investigate claims of abuse of the mentally ill. Plaintiff further asserts that Defendants refuse to follow the statutory requirements and to investigate his abuse. In particular, Plaintiff claims that he was deemed incompetent to stand trial for almost two years and

had to wait months for each evaluation to be conducted.   Plaintiff also contends that during the time he was held he was severely abused by the officers and medical staff at the county jail.   Finally, Plaintiff asserts that his right to a fair and speedy trial was denied and his guilty plea coerced.   Plaintiff seeks an investigation of the alleged abuses and compensation for the cost of filing this action.

A federal statute must confer "specific, individually enforceable rights" upon the person seeking enforcement and evidence an intent to create a private right for these rights to be enforced through a cause of action under § 1983.   *See generally Gonzaga Univ. v. Doe*, 536 U.S. 273, 279–85 (2002).   Where a statute provides an administrative enforcement mechanism, the presumption is that no private cause of action is intended. *Karahalios v. National Federation of Federal Employees, Local* 1263, 489 U.S. 527, 533 (1989); *Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19–20 (1979).

Plaintiff cites the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. §§ 10801–10851 as the basis for jurisdiction for his claims.   As held by numerous courts, however, the PAIMI Act authorizes certain protection and advocacy systems to bring suit regarding access to patient records; its provisions do not provide a private cause of action to an individual such as Plaintiff.   *See id.* §§ 10805(a)(1)(B), (C), 10807; *see, e.g.*, *Ind. Prot. & Advocacy Servs. v. Ind. Family & Social Servs. Admin.*, 603 F.3d 365, 374–82 (7th Cir. 2010); *Burke v. N.D. Dep't. of Corr. & Rehab.*, No. 1:07–cv–004, 2007 WL 1456217, at *8 (D. N.D. 2007).

Even if the Court were to consider Plaintiff's claims pursuant to 42 U.S.C. § 1983, as he identified § 1983 as the basis for jurisdiction in his original Complaint, along with §

10801, et seq., Plaintiff has failed to comply with the February 1, 2016 Order to Amend and assert personal participation by named defendants.

Nonetheless, because Plaintiff does not assert jurisdiction pursuant to 42 U.S.C. § 1983 in the Amended Complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   11th   day of   April  , 2016.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court